UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEREK JOHNSON,<br><br>    Defendant. | Case No. CR17-14RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE |

This matter comes before the Court on defendant Derek Johnson's motion for modification of the terms of his supervised release. Dkt. # 7. Having reviewed defendant's memorandum and exhibits, the assessment of the United States Probation Office, and the remainder of the record, the Court DENIES defendant's motion.

Under 18 U.S.C. § 3583(e)(2), the Court may, after considering a subset of sentencing factors set forth in 18 U.S.C. § 3553(a), modify the conditions of supervised release at any time prior to the expiration of the term of supervision. The Court has "broad discretion to alter the conditions of a defendant's supervised release." United States v. Miller, 205 F.3d 1098, 1100 (9th Cir. 2000).

On December 11, 2014, in the Southeastern Division of the District of North Dakota, defendant was found guilty of several crimes arising out of an agricultural insurance fraud scheme: conspiracy to commit crimes against the United States (in violation of 18 U.S.C.

ORDER DENYING DEFENDANT'S MOTION
FOR MODIFICATION OF CONDITIONS OF
SUPERVISED RELEASE - 1

§ 371); false statement to influence the United States Department of Agriculture (in violation of 18 U.S.C. § 1014); and false statement to law enforcement (in violation of 18 U.S.C. § 1001). Dkt. # 3. On March 9, 2015, defendant was sentenced to 18 months in custody, followed by two terms of supervised release – three years and five years, to run concurrently. Dkt. # 3 at 28-29.

Defendant completed his term of imprisonment and began his term of supervised release on June 30, 2016. Since that time, defendant has resided in Blaine, Washington. In January 2017, defendant's supervision was transferred to this Court from the District of North Dakota. Dkt. # 1. Because defendant's wife and two children live in Canada, defendant now asks the Court to modify the conditions of his supervised release so that he may live in Canada with his family while continuing to work in Washington. Dkt. # 7.

Because defendant's relocation to Canada would interfere with the U.S. Probation Office's effective supervision and would require the approval of the Canadian immigration authorities (approval that may or may not be granted while defendant is completing a term of supervised release), the Court declines to modify defendant's conditions of release at this time. The Court recognizes the hardship placed on defendant's family and would consider early termination of defendant's supervised release after no less than 18 months of supervision. Of course, defendant's adherence to all the conditions of supervision and his consistent payment of restitution are important factors the Court will consider at that time.

For all the foregoing reasons, defendant's motion for modification of the conditions of his supervised release (Dkt. # 7) is DENIED.

DATED this 5th day of April, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR MODIFICATION OF CONDITIONS OF
SUPERVISED RELEASE - 2